CORPORATION OF AMERICA, A CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 109579. Promulgated January 15, 1945.

George H. Koster, Esq., for the petitioner.
T. M. Mather, Esq., for the respondent.

OPINION.

VAN FOSSAN, *Judge*: The issue presented is whether or not the petitioner is entitled to the statutory recovery exclusion under the provisions of section 116 of the Revenue Act of 1942.[1]  The specific problem posed is whether the petitioner, which was affiliated with a group of corporations filing a consolidated return in 1930 and which had a

---

[1] SEC. 116. RECOVERY OF BAD DEBTS, PRIOR TAXES, AND DELINQUENCY AMOUNTS.

(a) EXCLUSION FROM INCOME.—Section 22 (b) (relating to exclusions from gross income) is amended by adding at the end thereof the following new paragraph :

"(12) RECOVERY OF BAD DEBTS, PRIOR TAXES, AND DELINQUENCY AMOUNTS.—Income attributable to the recovery during the taxable year of a bad debt, prior tax, or delinquency amount, to the extent of the amount of the recovery exclusion with respect to such debt, tax, or amount.  For the purposes of this paragraph :

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

"(B) Definition of Prior Tax.—The term 'prior tax' means a tax on account of which a deduction or credit was allowed for a prior taxable year.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

"(D) Definition of Recovery Exclusion.—The term 'recovery exclusion', with respect to a bad debt, prior tax, or delinquency amount, means the amount, determined in accordance with regulations prescribed by the Commissioner with the approval of the Secretary, of the deductions or credits allowed, on account of such bad debt, prior tax, or delinquency amount, which did not result in a reduction of the taxpayer's tax under this chapter (not including the tax under section 102) or corresponding provisions of prior revenue laws, reduced by the amount excludible in previous taxable years with respect to such debt, tax, or amount under this paragraph.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

net income for that year although the group had a large net loss, obtained a tax benefit from the deduction of amounts paid by it as documentary stamp taxes during that year and recovered by it in 1939. If the petitioner obtained no such tax benefit, the amount of the recovery should be excluded from its income for 1939, under the provisions of section 116, which was made specifically applicable to taxable years beginning after December 31, 1938 (sec. 22 (b) 12 (E) (b), I. R. C.).

The respondent's theory is that the petitioner's gross income for 1930 was reduced by the amount of $3,500 paid by it as documentary stamp taxes; that after such deduction it still had a net income; that the fact that because of affiliation it paid no tax and had no liability therefor is not material; and that its membership in the affiliated group which filed a consolidated return has no bearing on the issue.

The petitioner contends that, although its own return showed on its face a net income after deducting the amount in question, it was liable for no tax on its net income by virtue of its affiliation with a group of corporations filing a consolidated return; that a reduction of income and a reduction of tax are not synonymous; and that a recovery is taxable only if it relates to a reduction of tax liability in the year the deduction was taken.

The question may be stated otherwise: Whether "the recovery exclusion" statute is based on the petitioner's net income or its income tax liability. The language of section 22 (b) 12 (D), as amended by the 1942 Act, defines the term "recovery exclusion" as meaning the amount, determined in accordance with regulations prescribed by the Commissioner, of the deductions and credits allowed on account of the bad debt, prior tax, or delinquency amounts "which did not result in a reduction of the taxpayer's tax * * * reduced by the amount excludible in previous taxable years with respect to such debt, tax, or amount under this paragraph." Since there was no amount excludible in previous taxable years, the amount in controversy remains $3,500. It is noted that the statute mentions neither "net income" nor "income tax liability." It refers only to the "taxpayer's tax."

The pertinent provision of Regulations 111 (sec. 29.22 (b) (12)–1 (a)) defines the recovery exclusion as "an amount equal to the portion of such items which, when deducted or credited for a prior taxable year, did not result in a reduction of any tax of the taxpayer * * *." Section 29.22 (b) (12)–1 (b) (2) headed, "Determination of Recovery Exclusion for Original year for which Items were Deducted or Credited," states:

The recovery exclusion for the taxable year for which section 22 (b) (12) items were deducted or credited (that is, the "original taxable year") is the portion

of the aggregate amount of such deductions and credits which could be disallowed without causing an increase in any tax of the taxpayer imposed under chapter 1 of the Internal Revenue Code (such as the normal tax, surtax, and victory tax) * * *

In the present proceeding the "taxpayer" is the petitioner.

We next turn to the legislative history of the statute. On page 45 of Report No. 2333 on H. R. 7378 (Revenue Bill of 1942) to the Seventy-seventh Congress, second session, we find the following:

> There is at present considerable confusion as to the state of the law regarding the recovery of bad debts or taxes which have been taken as deductions in previous years. The confusion has arisen as to whether the taxation of the amount of the bad debt or tax recovered in the year of such recovery depends upon the tax benefit which the taxpayer derived from the deduction of these items in a prior year.
>
> The bill settled this question by excluding from the gross income of the taxpayer in the year of the recovery the amounts recovered to the extent that the debt or·tax did not in any prior taxable year reduce his income tax liability. Securities which become worthless and which result in a capital loss are allowed the same treatment as bad debts and taxes.

It will be noted that the report refers to the "income tax liability" of the taxpayer. On page 69 of that report, in the following comment on section 114 (later section 116), the same language is used:

> SECTION 114. RECOVERY OF BAD DEBTS, PRIOR TAXES, AND DELINQUENCY AMOUNTS.
>
> This section provides for the exclusion from gross income of amounts otherwise includible in gross income which are attributable to the recovery during the taxable year of a bad debt, prior tax, or delinquency amount, to the extent that such debt, tax, or delinquency amount did not operate to reduce the income-tax liability of the taxpayer for any prior taxable year.
>
> The amount of the exclusion from gross income is limited to the amount of the "recovery exclusion" with respect to the debt, tax, or delinquency amount which is recovered. The term "recovery exclusion" is defined as the amount of deductions· or credits allowed on account of such bad debt, tax, or delinquency amount, which, in accordance with regulations to be prescribed by the Commissioner with the approval of the Secretary, did not result in a reduction of the taxpayer's income-tax liability for any prior taxable year, reduced by the amount excludible in previous taxable years under this section with respect to such debt or tax.

The report of the Senate Committee on Finance made in connection with H. R. 7378 contains almost identical comment.

In the above excerpts the phrase "income tax liability" is repeatedly used. In both the Senate and House Committee reports the "tax benefit" theory was recognized and approved. We need not discuss that theory as such. It has been recognized by the Bureau, by this Court, and by Congress. It is sufficient to say that it is now a part of the law.

In order to apply the tax benefit theory to the petitioner for the taxable year of 1939 we must revert to and examine its status as a

taxpayer in 1930. The petitioner was affiliated with other corporations, and, pursuant to the privilege afforded it by section 141 of the Revenue Act of 1928, it joined in filing a consolidated return for the group.

The report of the Senate Committee on Finance to the Seventieth Congress, first session, page 15, reveals the congressional background of section 141.

Running through all of the reports is the concept that the petitioner and the other corporations filing a consolidated return in 1930 constituted a single business entity and are considered as a taxable unit, and that the tax liability (and hence the tax) in that year, as contemplated by the recovery exclusion statute, was the tax of the group of which the petitioner was an integral part. By reason of that relationship and of the consequent consolidated net loss, it is our opinion that the petitioner derived no tax benefit from the deductions for "prior taxes" in 1930.

The intervention of the consolidated return, itself only one of the many factors making up the complete tax picture, served to make it impossible for the petitioner to derive the tax benefit prerequisite to the tax sought by the respondent for the year 1939. The ultimate question is: Did the taxpayer receive any tax benefit from the deduction of the prior year taxes? The question is not: Would it have enjoyed that benefit if the consolidated return statute had not been in force or if it had chosen not to adopt the consolidated return method of reporting its income? We must take the facts as we find them, not as they might have been.

It is explicit in the statute that, in order to be entitled to a recovery exclusion from income, the amount so recovered by the taxpayer must not represent deductions which resulted in a tax benefit or saving to it. Since the taxpayer, this petitioner, in 1930 was subject to no tax liability—and hence no tax—the deductions for documentary stamp tax payments afforded it no tax benefit.

In the light of the legislative history relating to both the 1942 and 1928 Acts, and of the regulations promulgated thereunder, we have no doubt that in construing section 116 of the 1942 Act the true criterion is the effect which a deduction taken in a prior year had on the petitioner's income tax liability. Since petitioner had no tax liability and consequently derived no benefit from the deduction, no amount arising from the recovery of the taxes so paid is includible in the petitioner's income for the year 1939.

The respondent cites and relies upon *Central Loan & Investment Co.*, 39 B. T. A. 981, and *Robert A. Haughey*, 47 B. T. A. 1. Both of these cases, however, were decided before the enactment of the 1942 Act and, by reason of the change in the law, are not in point. By the

provisions of section 116, defining a recovery exclusion, the benefit of the act is made to depend on the fact whether the deduction resulted "in a reduction of taxpayer's tax." This specific definition takes precedence over all prior rulings and holdings as to the character and effect of a deduction urged as a basis for recovery exclusions. The statute is to be applied according to its terms. In the instant case, by reason of its affiliation with other corporations, the taxpayer in 1930 had no tax liability and no tax. Therefore, the deduction "did not result in a reduction of taxpayer's tax" and petitioner is entitled to a recovery exclusion in respect of the stamp taxes refunded in 1939.

The amount of stamp taxes recovered in 1939 was $15,566.88, of which $3,500 represented stamp taxes paid in 1930; $12,039.88 similar taxes paid in 1931; and $27 allowed as court costs. The $12,039.88 is conceded to be excluded from the petitioner's income for the taxable year and obviously the court costs are not an item of income. We hold that the petitioner is also entitled to a recovery exclusion of $3,500 received in 1939.

Reviewed by the Court.

*Decision will be entered under Rule 50.*