THE HOME SAVINGS AND LOAN COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 91292. Filed November 7, 1962.

*Fred D. Kidder, Esq.,* and *Thomas Quintrell, Esq.,* for the petitioner.

*Buckley D. Sowards, Esq.,* for the respondent.

### OPINION.

DAWSON, *Judge:* Respondent determined a deficiency in petitioner's income tax for the year 1956 in the amount of $30,739.79. Petitioner's return for 1956, made on the cash basis and for a calendar year period, was filed with the district director of internal revenue, Cleveland, Ohio. The facts, completely stipulated by the parties, are not in dispute, and as stipulated are adopted as our findings of fact.

One principle threads its way through the whole fabric of this case. That principle, first enunciated by the courts, and later partially embodied in statute, is the so-called "tax benefit" rule.

Petitioner herein is a building and loan association organized and existing in accordance with the laws of the State of Ohio. Prior to January 1, 1952, petitioner was exempt from Federal income taxation by reason of being a domestic building and loan association within the meaning of section 101(4) of the Internal Revenue Code of 1939.

Under section 313(a) of the Revenue Act of 1951, which amended section 101(4) of the 1939 Code, petitioner became, for taxable years

beginning after December 31, 1951, taxable as a corporation and thereafter filed its Federal income tax returns on the calendar year and cash basis of accounting.

Prior to 1955 the State of Ohio imposed a property tax against financial institutions, such as petitioner, in their own names. The tax was measured by the amount of each institution's capital, surplus or reserve, and undivided profits, without deduction of the value of obligations of the Federal Government owned by it. In 1955 the Supreme Court of the United States, in the case of *Society for Savings* v. *Bowers*, 349 U.S. 143, held this tax to be void insofar as it placed a tax upon United States Government obligations owned by Ohio financial institutions.

Subsequently, petitioner applied to the Ohio State taxing authorities for a refund of Ohio intangible property taxes paid in and for the years 1947 through 1954 insofar as such taxes had been based upon United States Government obligations held by it. In March of 1956 petitioner received from the State of Ohio a refund, in the form of a Certificate of Abatement, of Ohio taxes in the amount of $112,468.46, representing overpayments by it of intangible property taxes to the State of Ohio in and for the years 1947 through 1954. Of this amount, the sum of $53,353.48, representing that portion of the refund attributable to overpayment in the years 1952, 1953, and 1954, was included by petitioner in gross income for the year 1956. There is no dispute as to the taxability of this sum. The petitioner deducted all of such taxes on its Federal income tax return for the years 1952 through 1954 and obtained a Federal tax benefit to the full extent of the State taxes paid in each of these years. If an amount deducted from gross income in one taxable year is recovered in a later year, the recovery is income in the later year to the extent deduction in the earlier year resulted in a tax benefit to the taxpayer. *Dobson* v. *Commissioner*, 320 U.S. 489 (1943).

However, the remaining portion of the refund, in the amount of $59,114.98, was not included by petitioner in its gross income for the year 1956. It relates solely to the overpayment of intangible taxes for the years of 1947 through 1951, during which time petitioner was exempt from Federal taxation. Because of its exemption, petitioner did not deduct any of the intangible taxes paid by it during the years 1947 through 1951. Consequently, their payment to the State resulted in no Federal tax benefit to petitioner, either direct or indirect. Petitioner therefore regarded the recovery in 1956, of this $59,114.98 as merely a return of its own moneys paid out erroneously in prior years for taxes, and not as taxable income.

Respondent has taken an opposite position. He determined the $59,114.98 to be an item of income to petitioner in 1956, grounding his argument on the broad general proposition that section 61(a) of the

Internal Revenue Code of 1954 requires the inclusion in income of all items of income except those specifically excluded. Respondent points out that the sum in question does not fall within the exclusion provided by section 111 of the 1954 Code for the recovery of "prior taxes." [1] While we are inclined to agree, we find it unnecessary to pass upon this issue since we think petitioner falls squarely within the broader, more general rule relating to tax benefits which we have said is not limited by the provisions of section 111. *Birmingham Terminal Co.*, 17 T.C. 1011 (1951).

Relying on this rule, petitioner contends that since the payment of the State taxes in question did not give rise to any tax benefit when they were paid, it ought not be taxed on the recovery of those taxes. We agree. It is our view that one does not ordinarily acquire taxable income by a refund of taxes which he should never have had to pay. However, where the taxpayer has used the taxes paid to gain a tax deduction, the later recovery of such taxes is "*for tax purposes*, like a windfall and within the broad definition of taxable income," *Perry v. United States*, 160 F. Supp. 270 (Ct. Cl. 1958). In the instant case petitioner did not deduct, *nor in fact could it have deducted*, the payment of State taxes during the years of its exemption. Yet it can make no difference in the application of the principle recognized in the *Dobson* case that petitioner did not actually deduct these taxes in the earlier years, as is contended by respondent. Cf. *Birmingham Terminal Co.*, *supra*.

In this connection, respondent points out that, "during the years 1947 through 1951, inclusive, had the petitioner been liable for Federal income taxes * * * the deductions for Ohio State intangible property sales [*sic*] tax would no doubt have benefited him greatly. The fact that the petitioner enjoyed the greatest tax benefit of all; that of being entirely tax exempt, should not prejudice the Commissioner's right to tax the $59,114.98 * * *" in question. However, as this Court said in *Corporation of America*, 4 T.C. 566 (1945), a case somewhat similar to the instant one, "The ultimate question [here] is: Did the

[1] SEC. 111. RECOVERY OF BAD DEBTS, PRIOR TAXES, AND DELINQUENCY AMOUNTS.

(a) GENERAL RULE.—Gross income does not include income attributable to the recovery during the taxable year of a * * * prior tax * * * to the extent of the amount of the recovery exclusion with respect to such * * * tax * * *.

(b) DEFINITIONS.—For purposes of subsection (a)—

   *       *       *       *       *       *       *

(2) PRIOR TAX.—The term "prior tax" means a tax on account of which a deduction or credit was allowed for a prior taxable year.

   *       *       *       *       *       *       *

(4) RECOVERY EXCLUSION.—The term "recovery exclusion", with respect to a * * * prior tax * * * means the amount, determined in accordance with regulations prescribed by the Secretary or his delegate, of the deductions or credits allowed, on account of such * * * prior tax * * *, which did not result in a reduction of the taxpayer's tax under this subtitle * * *, reduced by the amount excludable in previous taxable years with respect to such * * * tax * * * under this section.

taxpayer receive any tax benefit from the deduction of the prior year taxes?" The question is not: Would it have enjoyed that benefit if it had not been tax exempt during the years in question? We must take the facts as we find them, not as they might have been. Cf. *Corporation of America, supra*.

We find as a matter of fact no economic gain nor tax benefit accruing to petitioner as a result of the transaction here involved. In so finding we are clearly within the mandate given us by the Supreme Court in *Dobson*. Accordingly, it is our decision that petitioner realized no taxable income as a result of its recovery in 1956 of taxes in the amount of $59,114.98 which it had erroneously paid to the State of Ohio in and for the years 1947 through 1951.

*Decision will be entered for the petitioner.*